MEMORANDUM **
Prithipal Singh, native and citizen of India, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration judge’s (“IJ”) decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”) and the BIA’s order denying his motion to remand proceedings and dismissing his appeal from the IJ’s denial of his motions to change venue and to continue proceedings (No. 05-71007). Singh also petitions for review of the BIA’s order denying his motion to reopen (No. 07-73889). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence adverse credibility findings, Malhi v. INS 336 F.3d 989, 992-93 (9th Cir.2003). We review for abuse of discretion the denials of a motion to remand, a motion to reopen, a motion to continue, and a motion to change venue. Baires v. INS, 856 F.2d 89, 91-92 (9th Cir.1988); Malhi, 336 F.3d at 992-93. We review de novo claims of due process viola *218 tions. Colmenar v. INS, 210 F.3d 967, 971 (9th Cir.2000). We grant in part and deny in part in petition No. 05-71007, and we deny in part and dismiss in part in petition No. 07-73889.
Substantial evidence does not support the IJ’s adverse credibility finding based on the inconsistency in Singh’s testimony as to whether he was in hiding after his arrest, because Singh was not given the opportunity to explain it. See Soto-Olarte v. Holder, 555 F.3d 1089, 1092-96 (9th Cir.2009). The IJ’s finding that Singh was not credible because he did not come to his asylum interview dressed as a traditional Sikh fails because the IJ did not address Singh’s explanation. See id. at 1096. Finally, in the absence of credible testimony, Singh was not required to corroborate his asylum claim. See Kaur v. Ashcroft, 379 F.3d 876, 889-90 (9th Cir.2004). Accordingly, we remand Singh’s asylum and withholding claims for the agency to reconsider its adverse credibility determination on an open record. See Soto-Olarte, 555 F.3d at 1095-96; see also INS v. Ventura, 537 U.S. 12, 16-18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).
We further remand for the BIA to determine in the first instance Singh’s exhausted CAT claim. See Sagaydak v. Gonzales, 405 F.3d 1035, 1040 (9th Cir.2005) (“the BIA [is] not free to ignore arguments raised by a petitioner.”).
The agency did not abuse its discretion in denying Singh’s motion to continue proceedings to file an 1-130 visa petition. See Sandoval-Luna v. Mukasey, 526 F.3d 1243, 1247 (9th Cir.2008). Further, the agency’s denial of Singh’s motion for a change of venue was not an abuse of discretion because he failed to show good cause for why his case should be moved to North Carolina, cf. Baires, 856 F.2d at 92, and he did not show prejudice, Colmenar, 210 F.3d at 971. The BIA did not abuse its discretion in denying Singh’s motion to remand because he failed to present clear and convincing evidence that his marriage was bona fide. See Malhi, 336 F.3d at 994.
Finally, the BIA acted within its discretion in denying Singh’s motion to reopen as untimely because Singh filed his motion over two years after the BIA’s prior decision. See 8 C.F.R. § 1003.2(c)(2). We lack jurisdiction to review Singh’s contention that the BIA should have reopened his case based on ineffective assistance of counsel or changed circumstances because he failed to exhaust these arguments before the agency. See Barron v. Ashcroft, 358 F.3d 674, 678 (9th Cir.2004). Finally, we reject Singh’s constitutional contentions.
Each party shall bear their own costs for these petitions for review.
No. 05-71007 PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.
No. 07-73889 PETITION FOR REVIEW DENIED in part; DISMISSED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.